IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MIGUEL GONZALEZ-RAMIREZ,<br><br>Petitioner,<br><br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br>Respondent. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 1:04CV163 TC |

Mr. Miguel Gonzalez-Ramirez has filed a petition pursuant to 28 U.S.C. § 2255.  The basis of Mr. Gonzalez-Ramirez's petition is: "I was sentenced to a longer term of imprisonment that [sic] the plea agreement called for."  (Gonzalez-Ramirez pet. 1:04 CV 163, Dkt. 4).

For the reasons set forth below, the court denies Mr. Gonzalez-Ramirez's petition.

**Analysis**

On July 31, 2003, Mr. Gonzalez-Ramirez plead guilty to re-entry of a previously removed alien (violation of 8 U.S.C. §1326).  (1:03 CR 58, Dkt. No. 16).  In connection with his change of plea, Mr. Gonzalez-Ramirez signed a document entitled "Statement By Defendant In Advance Of Plea Of Guilty.") (Id.)  He was informed in the document that the maximum possible penalty was "twenty years imprisonment, a $250,.000 fine, or both.") (Id.).

Mr. Gonzalez-Ramirez certified, by his signature on the document, that the only terms of his plea agreement with the government were:

a.  I agree to plea guilty to Count 1 of the Indictment.

b.      The government agrees to recommend: 1) that I receive full credit for acceptance of responsibility as provided for in Sentencing Guidelines; and 2) that I be sentenced at the low end of the applicable guideline range as determined by the Court.

c.      The parties jointly agree and recommend that:

1)      The Court order, as a condition of supervised release, that upon completion of any term of imprisonment imposed upon me by the Court I be delivered to a duly authorized official of the Bureau of Immigration & Customs Enforcement, for removal proceedings consistent with the Immigration & Naturalization Act, as amended;

2)      I agree not to contest such removal proceedings. I agree to the reinstatement of my previous removal Order entered on or about June 19, 2001, and certify that I do not have a fear of returning to the country designated in that order. I agree not to contest, either directly or by collateral attack the reinstatement of such removal Order; and

30      I agree to remain outside the United States unless given the express permission by the United States Attorney General to reenter the United States.

(Id. at 4-5).

He also stated that he:

(13)    I understand that the Court can make no decision as to what the sentence will be until the Presentence Report has been received and reviewed by the Court. I further understand that the Court is not obligated in any way to follow the recommendation of the government concerning sentencing matters. If the Court does not follow the government's recommendation, I know that I will not be allowed to withdraw my plea of guilty.

Accordingly, Mr. Gonzalez-Ramirez was well aware, and certified that he was aware, that

there was no agreement by the government to agree to recommend that he be sentenced to fifty-

seven months. Further, he was informed both in writing, and at the hearing that the court would

make the decision regarding his sentence and he could not rely on any estimates or predictions.[1]

Therefore, Mr. Gonzalez-Ramirez's allegations are not supported by the record and his petition is DENIED.

DATED this 24th day of May, 2005.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge

---

[1]Although no transcript has been made of the change of plea hearing, it is the court's standard practice, which is followed without fail, that the court advises each person pleading guilty that despite any predictions or calculations that might have been made about sentencing, it is the court's job to decide the sentence.